### MOERS et al. v. DIETZ.

(Supreme Court, Appellate Term. December 11, 1906.)

1. SALES—BREACH OF CONTRACT—WAIVER.

Any breach of a contract for sale of metal by the buyer failing to pay cash when the first delivery is made is waived by the seller making the second delivery before the first is paid for, so that the seller's refusal, after the first two deliveries had been paid for, to make further deliveries, though the buyer offers to pay cash, is a breach of the contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 510.]

2. SAME—REFUSAL TO DELIVER—DAMAGES.

Where one refuses to deliver metal according to his contract for sale thereof, the buyer may recover of the seller the difference between what he has pay therefor in the open market and the contract price.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1174–1201.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles A. Moers and others against James E. Dietz. From a judgment for defendant, plaintiffs appeal. Reversed and new trial granted.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

S. C. Sugarman, for appellants.

H. M. Greene, for respondent.

DAVIS, J. The action was brought to recover damages for breach of the contract for the sale of certain metal. The contract is contained

in a memorandum signed by the defendant. It specifies in detail the metal purchased, the number of pounds, and the price of each metal. Some of the metal was delivered on October 10, 1904, and some on October 14, 1904. A large part of it was never delivered, the defendant having refused to make further deliveries, alleging as a ground of his refusal the failure of the plaintiffs to pay cash for the metal already received by them. At the time of defendant's refusal he had been paid in full for the metal already delivered. These payments had been made November 10, 1904, and November 14, 1904. Defendant claims that the plaintiffs by their failure to pay cash on delivery committed a breach of the contract which relieved him from further performance after October 14, 1904.

We think this contract must be deemed to be an entire contract, which required the defendant to make or to tender full delivery a reasonable time after the making of the contract before he had a right to demand any payment. Therefore there was no breach of the contract by the plaintiffs in failing to pay cash when the first delivery was made. At any rate the breach, if any, was waived by the defendant when he made the second delivery before the first had been paid for. The plaintiffs demanded the delivery of the remainder of the metal purchased and offered to pay spot cash for it, but the defendant refused to comply with this demand. We think the evidence clearly shows a breach of the contract by the defendant for which the plaintiffs have a right to recover. Upon defendant's refusal to deliver, plaintiffs went into the market and purchased the metal at a higher price. The difference between the contract price and the price paid in the open market was $238.87. They should have had judgment for this amount.

Judgment reversed, with costs to appellant to abide the event, and new trial granted. All concur.